BARBARA STUART ROBINSON
106 ½ JUDGE JOHN AISO ST. #423
LOS ANGELES, CA 90012

NEW CASE FILING

**FILED (DROP BOX)**

US DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEP 16 2021

BY ~~Western District of Washington~~ DEPUTY

**21-CV-1270** RSL

| | |
|---|---|
| BARBARA STUART ROBINSON<br>PLAINTIFF, | ) CASE NO:<br>)<br>) |
| VS | ). **COMPLAINT**<br>)<br>) DEPRIVATION OF RIGHTS |
| CITY OF SEATTLE<br>DEFENDANT. | )WITH SUPPORTING DOCUMENTS<br>) 5 pages<br>) |

JURISDICTION: THIS COURT HAS GENERAL JURISDICTION IN THE STATE OF WASHINGTON

VENUE: THE PLAINTIFF WAS BORN AND WITH RESIDENCE IN TACOMA WASHINGTON AND THE CITY OF SEATTLE HAS BEEN ENFORCING LAW IN THE CITY OF SEATTLE DURING THE TIME THAT THIS INCIDENT OCCURRED.

FACT:

1. The City of Seattle caused my vehicle to be towed from a Parking area on the street of 1st Ave and Pike in the State of Washington on the street curb with signage and without any curb marking.

2. The vehicle that was towed by one or more City of Seattle Police Officers was parked at a pole on the street which clearly displayed the City of Seattle parking area.

3. The City of Seattle was reckless to Ignore applicable parking and enforcement of its laws that resulted and caused me distress, loss, fees, fines, and Damages and Scratches present to the vehicle.

4. The City of Seattle breached its duty to uphold applicable laws and enforcement of these applicable laws.

5. A person or persons under the city of Seattle was acting or acted under the color of state law to enforce parking and a person or persons deprived the lawful act / actions to

1

enforcement resulting in liability in parking regulations and recklessly with intent, knowledge and recklessness towed the plaintiff's car without probable cause under state law causing damages to the car in the lawful possession of the plaintiff, non-economic damages of inconveniences from the tow and the loss of enjoyment and recreation from tow dings, scratches, dents, resulting from tow and fees were also associated with tow in the amount of $240 tickets, fine, citations, court fees and cost that resulted to stress and distress, anxiety and hypertension resulting from tow and the constant worry.

6. The city of Seattle failed to mitigate damages loss and injury associated due to toe, plaintiff claimed injuries lost and damages associated to tow enforcement and the city of Seattle government denied to accept liability for its government act or actions grieved by the plaintiff.

7. On or about August 5th the plaintiff filed a claim with the city of Seattle risk management division on or about September 9th the city of Seattle risk management sent a letter claiming that they were denying liability that needed to be proven by the preponderance of the evidence.

8. The signage on the parking areas were the plaintiff was parked clearly stated that the entire Street curb block was a parking area and the plaintiff's car was parked in front of that parking area which did not display any tow signage.

9. Because one or more of the City of Seattle employees act/ acted in the City of Seattle Parking Signages and Markers tow and Risk Management Claims and Response to deprive Rights, State law Enforcement the plaintiffs grievance and the plaintiff has the right to redress these grievances in a Civil Action for Deprivation of Rights. Under STATE LAW City of Seattle parking was a parking stall area, Enforcement by State law and Tow regulations permitting Under State Law Enforcement the act/ actions that was with intent, knowledge resulting in personal loss, damages and injury associated with stress, inconveniences, distress, anxiety, scratches ,fees, fines, Court Fees and Cost due to Recklessness to tow plaintiff's vehicle from a public curb or sidewalk in the State of Washington in the City of Seattle without lawful purposes or Justified Probable Cause was a Deprivation of Rights, for its actions and or omission by City of Seattle Police and or parking enforcement after the City of Seattle failed to Mitigate Damages, Losses, Injury and the plaintiff is entitled to Relief.

**CLAIM FOR RELIEF:   -   REDRESS   INTENT, KNOWLEDGE, RECKLESSNESS**
RCW 9A.08.010(a)(b)(i)(ii)(c)   One or more of the City of Seattle employees used its power and position to enforcement of its act/ actions to cause an intentional tow with knowledge of State Law Rights, City of Seattle used Recklessness Actions and Omissions to unlawfully tow in Deprivation of State Law Rights and Probable Cause resulting into Distress, anxiety, inconveniences, hypertension damages, injury and loss due to the plaintiffs car Intentionally and with Knowledge of proper display signage and  with the Intent to cause Distress to  the Plaintiffs

by towing the vehicle causing the plaintiff distress from loss and recovery searches and time spending to retrieve the vehicle, damages and scratches that are present to me on the vehicle that was not present before the City of Seattle Police authorized the unlawfully taken of the vehicle out of my possession that created fees and fines from the tow yard or other companies associated with the vehicle and the Court fees and Cost it cost me to seek Justification of the City Governments Injustice. **AND THE PLAINTIFF IS ENTITLED TO COMPENSATORY and NON ECONOMIC RELIEF AND ANY OTHER RELIEF THIS COURT FINDS JUST. PLAINTIFF SEEK RELIEF IN THE AMOUNT OF $125,000.**

## CAUSE OF ACTION

DEPRIVATION OF STATE LAW RIGHTS WAC 516-12-470 LAW; ENFORCEMENT

## STATEMENT OF CLAIM UPON WHICH RELIEF CAN BE GRANTED

One or more of the City of Seattle Police Officers towed the plaintiff car from were its was parked at a posted City of Seattle parking area on a City of Seattle Street Curb that clearly posted signage of City Parking and no CURB MARKING BEING PRESENT the City of Seattle was RECKLESS to tow my car unlawfully without clear Justified Probable Cause and its actions and or omissions caused Damages, loss, fees and fines and Distress to the plaintiff in which the plaintiff seeks Redress from the City of Seattle for the Damages, loss, fines and fees, and Distressed caused by the one or more City of Seattle employees who have unlawfully towed a vehicle in the State of Washington from a City street parked according to Washington State enforcement law WAC 516-12-470, the City of Seattle were negligent to tow, and Neglected the Knowledge and Justified Probable Cause to enforce a tow under lawful State Law Rights of tow Enforcement that Recklessly caused liability Damage, loss, injury, fees and fines that all resulted with the Plaintiffs suffering inconveniences, anxiety, stress, Distress and hypertension associated with the vehicle tow and constant worry and is entitled to Compensatory Damages and Non Economic Relief in Civil Action for Deprivation of State Law WAC 516-12-470; without City of Seattle Justified Probable Cause of Enforcement, in an action at law the Plaintiff seeks to Redress these Grievances under 42 USC 1983 for Deprivation of Rights and the Plaintiff is entitled to Relief; RCW 9A.08.010(a)(b)(i)(ii)(c).

## DAMAGES, INJURY, LOSSES

1. Distress from tow and constant worry- High Blood Pressure Condition
2. Loss of Enjoyment and Recreation resulting from tow

3. Dings, Scratches, Dents resulting from tow
4. Fees associated from tow in the amount of $240.00
5. Fines associated with tow undetermined at this time
6. Court fees and Cost associated to Seek Redress amount of tow undetermined at this time.

DATED THIS \_\_\_16th\_\_\_ DAY OF SEPTEMBER, 2021.

_____
BARBARA STUART ROBINSON / PLAINTIFF